# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYGANDA GILMORE, | No. 4:19-CV-01021 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN BRADLEY, | |
| Respondent. | |

## MEMORANDUM OPINION

### DECEMBER 19, 2019

Presently before the Court is Petitioner Tyganda Gilmore's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' decision not to place him in a residential reentry center ("RRC").[1] Respondent submitted an Answer.[2] and Petitioner has now filed a reply.[3] For the reasons that follow, the Petition will be dismissed.

## I.   BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Center at Allenwood in Allenwood, Pennsylvania, and has a projected release date of January 28, 2020.[4] On July 18, 2019, Petitioner's unit team considered him for RRC placement using the five factor criteria set forth in 18 U.S.C. § 3621(b) as well as

---

[1] ECF No. 1.
[2] ECF No. 9.
[3] ECF No. 10.
[4] ECF No. 9 at 2.

public safety risk.[5] The unit team determined that Petitioner could not be placed in a residential reentry center based on a review of his file and applicable BOP policy.[6] Specifically, a detainer with the Richland County Sheriff's Office in Columbia, South Carolina had been lodged against Petitioner.[7]

After that decision, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, arguing that he should have received a RRC placement and that participation in the non-residential drug course guarantees him six months of RRC placement.[8] Petitioner admits that he did not exhaust his administrative remedies, stating that doing so would be "futile."[9]

## II. DISCUSSION

### A. Legal Standard

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.[10] "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[11] A challenge to a

---

[5] ECF No. 9 at 2.
[6] *Id.*
[7] *Id.* at 2-3.
[8] *See* ECF No. 1 at 1.
[9] *Id.*
[10] *See Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Wilkinson v. Dotson*, 544 U.S. 74 (2005).
[11] *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

2

residential reentry center placement is properly brought pursuant to § 2241 as it involves the execution of a prisoner's sentence.[12]

**B.     Analysis**

Petitioner is challenging a decision not to place him into a residential reentry center due to a detainer lodged against him. The Petition must be dismissed because Petitioner has failed to exhaust his administrative remedies.

A prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241.[13] Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."[14] Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process.[15]

---

[12] *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005).
[13] *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); *Arias v. U.S. Parole Commission*, 648 F.2d 196 (3d Cir. 1981).
[14] *Moscato*, 98 F.3d at 761-62.
[15] *Woodford v. Ngo*, 548 U.S. 81, 90-92 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

Relevant here, in order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff.[16] Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined.[17] If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response.[18] Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response.[19]

Here, Petitioner admits that he has not filed any grievances regarding the decision not to place him a residential reentry center.[20] As such, Petitioner has failed to exhaust his administrative remedies, and the petition should be dismissed unless exhaustion may be excused.[21]

The failure to exhaust may be excused if (1) it would be futile, (2) the actions of the agency clearly and unambiguously violate a statutory or constitutional right, or (3) the administrative remedy process would be clearly inadequate to prevent

---

[16] *See* 28 C.F.R. § 542.13.
[17] *See* 28 C.F.R. § 542.14.
[18] *See* 28 C.F.R. § 542.15.
[19] *See* 28 C.F.R. § 542.15.
[20] *See* ECF No. 1 at 2. *See also* ECF No. 9 at 5 (confirming no grievance has been filed).
[21] *See Arias*, 648 F.2d at 199 (noting that if a prisoner does not exhaust available administrative remedies, the petition should be dismissed).

irreparable harm.[22] Petitioner argues only that "my resort to administrative remedys would be futile,"[23] because his "case would go ultimately before the office that rendered the decision."[24] This is not sufficient to establish futility as an excuse to administrative exhaustion.

Although it is possible that, had Petitioner started the administrative remedy process, a member of the unit team that declined Petitioner's RRC placement may have responded to a grievance, the administrative remedy process includes multiple layers of review by persons not involved in the initial RRC decision. Petitioner's reason for futility thus lacks merit. Further, even accepting Petitioner's argument, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeal.'"[25] Petitioner has failed to demonstrate futility sufficient to excuse exhaustion, and, as the claim in it is unexhausted, the Petition must be dismissed.[26]

---

[22] *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).
[23] ECF No. 1 at 2.
[24] ECF No. 10 at 5.
[25] *Suarez-Sanchez v. Lane*, No. 4:18-CV-1431, 2019 WL 1645231, at *2 (M.D. Pa. Mar 5, 2019) at *3 (quoting *Malvestuto v. Martinez*, No. 1:09-CV-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept 1, 2009), and citing *Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec 1, 2009)).
[26] In the alternative, the Court would deny the Petition on the merits because any RRC placement decision is a substantive determination solely within the discretion of the BOP and the BOP need only engage in the required placement analysis—there is no requirement that a prisoner receive a RRC placement for any amount of time or at all. *See Woodall*, 432 F.3d at 251 (holding that "the BOP may assign a prisoner to [an RRC] does not mean that it must"); *Corey v. Baltazar*, No. 3:15-CV-1335, 2015 WL 9660021, at * 6 (M.D. Pa. Oct. 29, 2015) (Rep. and Recomm.), *adopted by* 2016 WL 74837 (M.D. Pa. Jan. 7, 2016).

## III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge